USDC SDNY
DOCUMENT
ELECTRONICALLYFILED
DOC#: _____
DATE FILED: 3-4-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANTE THATCHER,

                Petitioner,

           -against-

JAMIE LAMANNA,

                Respondent.

1:17-cv-04540 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

## INTRODUCTION

Petitioner Dante Thatcher ("Petitioner"), who is proceeding *pro se*, brought this petition for a writ of habeas corpus. Before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil procedure. After careful consideration, Petitioner's motion is **DENIED**.

## BACKGROUND

Petitioner commenced this action on June 14, 2017, by filing a petition for a writ of habeas corpus, challenging his state court conviction, which found him guilty of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. *See* Petition, ECF No. 2. On August 29, 2017, Respondent filed a motion to dismiss, arguing Petitioner's claims were time barred. *See* Mot. Dismiss, ECF No. 8. Once the motion was fully briefed, the Court referred the motion to Magistrate Judge Katharine H. Parker for a Report and Recommendation ("Report"). *See* Order of Reference, ECF No. 12. On January 11, 2018, Judge Parker issued said Report, which recommended the petition should be dismissed for being untimely. *See* Report, ECF No. 15. On March 27, 2018, without having received any

COPIES MAILED

1

objections, the Court adopted Judge Parker's Report and dismissed the petition with prejudice. *See* Order Adopting Report, ECF No. 16.

Subsequently on April 25, 2018, Petitioner informed the Court that he had not received Judge Parker's Report. *See* Pet.'s Ltr., ECF No. 18. On April 20, 2018, Plaintiff additionally appealed the Court's Order adopting Judge Parker's Report to the Second Circuit. *See* Notice of Appeal, ECF No. 19. The Court then granted Petitioner leave to file a motion for reconsideration on May 4, 2018; Petitioner was required to file such a motion by June 5, 2018. *See* Order, ECF No. 20. However, Plaintiff failed to file any motion. On July 16, 2018, the Court determined "Petitioner ha[d] not made a substantial showing of the denial of a constitutional right" and as such "no certificate of appealability is granted with respect to Petitioner's claims." *See* Order, ECF No. 21 (citing U.S.C. § 2253(c)(2)). On September 27, 2018, the Second Circuit denied Petitioner's appeal stating Petitioner "ha[d] not shown that his motion 'states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *See* Mandate of USCA, ECF No. 22 (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). Approximately, six months later, on March 29, 2019, Petitioner filed the instant motion, requesting relief from judgment pursuant to Rule 60(b)(1) and (b)(6). *See* Pet.'s Mot. Relief from J., ECF No. 23.

## DISCUSSION

As a preliminary matter, the Court notes that Petitioner, as a *pro se* litigant, is entitled to the Court liberally construing his briefs and reading his submissions as raising the strongest arguments that they suggest. *See O'Neal v. Spota*, 744 F. App'x 35, 36 (2d Cir. 2018) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)) ("[W]e

2

liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.").

### I. Rule 60(b)(1)

Under Federal Rule Civil of Procedure 60(b)(1), a party may seek relief from a district court's order of judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Niederland v. Chase*, 425 F. App'x 10, 11 (2d Cir. 2011). Where, as here, a party alleges the district court made a mistake, relief may be provided in instances of both legal errors and factual errors. *See Colucci v. Beth Israel Med. Ctr.*, 531 F. App'x 118, 120 (2d Cir. 2013) (citation omitted) ("Rule 60(b)(1) allows for relief from judgment in cases of mistake, including legal errors made by the District Court." ); *In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003) ("[W]e implicitly extended this rule[, 60(b)(1),] to the correction of mistakes of fact."). To prevail on a Rule 60(b)(1) motion based on mistake, the moving party must establish the court made a "material mistake that changed the outcome of the [C]ourt's judgment." *Samuels v. United States*, No. 12 Civ. 7362, 2017 WL 6624849, at *1 (S.D.N.Y. Oct. 11, 2017) (quoting *Matura v. United States*, 189 F.R.D. 86, 89 (S.D.N.Y. 1999)).

Here, Petitioner argues his motion should be granted because the Court failed to mail him Judge Parker's Report notifying him of the right to object within fourteen days of the date of the Report. Plaintiff argues that the Court's failure to mail the Report constitutes a mistake sufficient to invoke relief under Rule 60(b)(1). The Court disagrees. Although the Court erred by failing to mail Petitioner the Report, such an error does constitute a substantial mistake. More importantly, by virtue of the fact that the Court's error was procedural, as opposed to legal or factual, said error did not result in a change of outcome of the Court's judgment. To the extent that Petitioner suffered any prejudice by not being allowed to file an objection, the Court resolved such

prejudice by providing Petitioner with an opportunity to file a motion for reconsideration.[1] Petitioner, however, failed to file such a motion.

## II. Rule 60(b)(6)

Pursuant to Rule 60(b)(6) relief from a district court's order may be granted for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Relief under Rule 60(b)(6) "requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). In determining whether extraordinary circumstances exist, a court may consider a variety of factors, including, but not limited to, "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 137 S.Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)). The Supreme Court has noted a showing of extraordinary circumstances "will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. Additionally, "a Rule 60 motion 'may not be used as a substitute for appeal' and . . . a claim based on legal error alone is 'inadequate'" to warrant relief under Rule 60(b)(6). *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986)). Thus, where the movant asserts that the District Court decided an issue incorrectly, it does not constitute "extraordinary circumstances." *Mpala v. Gateway Cmty. Coll.*, 717 F. App'x 96, 97 (2d Cir. 2018).

For reasons articulated above, the Court finds Petitioner has not demonstrated an extraordinary circumstance. Although it is true that the Court's error prevented Plaintiff from filing objections to Judge Parker's Report, to which he may have been entitled to de novo review by this Court, Plaintiff was provided with an opportunity to file a motion for reconsideration but

---

[1] For this reason, Plaintiff's reliance on *Doyle v. McFadden*, No. C2-99-186, 2003 WL 1337824 (S.D. Ohio Mar. 3, 2003) and *Sacco v. Matter*, 154 F.R.D. 35, 36 (N.D.N.Y. 1994) is inapplicable.

failed to do so. Furthermore, Plaintiff appealed the Court's Order adopting, Judge Parker's report, which on September 27, 2018, the Second Circuit denied. Accordingly, Petitioner fails to sufficiently establish an extraordinary circumstance.

## CONCLUSION

For the forgoing reasons, the Petitioner's motion is **DENIED**.

**SO ORDERED.**

**Dated:**     **March 4, 2020**
            **New York, New York**

_____
ANDREW L. CARTER, JR.
**United States District Judge**